UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

CITY CENTER REALTY PARTNERS, LLC,        Civil No.: _____

    Plaintiff,

v.                                         **NOTICE OF REMOVAL**

MACY'S RETAIL HOLDINGS, INC.,

    Defendant.

---

TO:    THE CLERK OF THE UNITED STATES DISTRICT COURT, DISTRICT OF MINNESOTA, AND PLAINTIFF CITY CENTER REALTY PARTNERS, LLC AND ITS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant Macy's Retail Holdings, Inc. ("Defendant") hereby removes the above-captioned action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, from the Fourth Judicial District of the State of Minnesota for the County of Hennepin to the United States District Court for the District of Minnesota. In support of its Notice of Removal, Macy's states as follows:

1.    On or about January 31, 2017, Plaintiff City Center Realty Partners, LLC ("Plaintiff") served Defendant with a Summons and Complaint captioned *City Center Realty Partners, LLC v. Macy's, Retail Holdings, Inc.*, and filed in the Fourth Judicial District of the State of Minnesota for the County of Hennepin ("State Court Action"). Attached as Exhibit A is the true and correct copy of the Summons and Complaint from the State Court Action served upon Defendant.

2. The Complaint alleges four causes of action arising generally from, *inter alia*, negotiations between the parties regarding the potential sale of Defendant's interest in the Macy's store building and parking garage located on Nicollet Mall and South Seventh Street in downtown Minneapolis to Plaintiff.

### Jurisdiction Exists Under 28 U.S.C. § 1332 – Diversity Jurisdiction

3. This action is removable pursuant to 28 U.S.C. § 1441(a) and (b) because it is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, in that there is complete diversity between all properly joined parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### The Parties Have Complete Diversity.

4. Plaintiff is a Delaware limited liability company with its principal place of business in San Francisco, California. The citizenship of an LLC for purposes of diversity jurisdiction depends on the citizenship of its members. *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). After an inquiry reasonable under the circumstances, Defendant has identified Plaintiff's members at the time of the filing of this lawsuit and this notice of removal as Mark G. Stefan and Sigurd J. Anderson, individuals who are citizens of and domiciled in the State of California. *See* State of California Secretary of State Statement of Information, attached hereto as Exhibit B. Therefore, Plaintiff is deemed to be a citizen of the State of California for diversity jurisdiction purposes.

5.      Defendant is a New York corporation with its principal place of business in Cincinnati, Ohio.  *See* Complaint, at ¶ 7.  Therefore, it is a citizen of the State of New York or the State of Ohio for diversity jurisdiction purposes.  *See* 28 U.S.C. § 1332(c)(1).

6.      There is, therefore, complete diversity among the parties because Plaintiff and Defendant are citizens of different states.

**The Amount In Controversy Exceeds $75,000.**

7.      For this Court to have subject matter jurisdiction based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000, exclusive of interests and costs.  *See* 28 U.S.C. § 1332(a).

8.      That the amount in controversy exceeds the jurisdictional minimum is apparent from the face of the Complaint.  While Plaintiff did not allege the total amount of damages sought, Plaintiff alleges that it brings this action to "recover from [Defendant] the millions of dollars in damages" it claims to have "suffered" on account of Defendant's purported actions and omissions.  *See* Complaint, at ¶ 4.  In further support, Plaintiff identifies a long list of costs, fees, charges, labor, and lost profits and investment opportunities amounting to the "millions" it claims are at issue in this case.  *See, e.g.,* Complaint, at ¶¶ 40 (referring to "significant damages," including "expend[ing] hundreds of thousands of dollars" and having "lost millions" in its deal with Defendant), 41 ("City Center's damages include, but are not limited to, . . . architectural fees, elevator consultant charges, structural engineering costs, legal fees, zoning application fees, environmental investigation charges, consulting fees, public relations fees, appraisal and tax projection costs, and other incidental charges including travel expenses, not to

mention the extraordinary lost management fees, development fees, investment fees and other lost profits"); 43 (lost manpower); 44-45 (lost investment opportunities), 63 ("City Center will lose millions of dollars through a combination of hard due diligence costs already expended on this project and significant lost management, development, investment fees, and other lost profits.").

9. Based on the allegations in the Complaint, if Plaintiff is successful in the prosecution of this action, it is more likely than not that the damages it will seek exceed $75,000.00. Accordingly, the amount in controversy in this lawsuit exceeds $75,000 exclusive of interest and costs.

10. Notwithstanding that the jurisdictional requirement has been met, nothing in this Notice of Removal should be construed as an admission that Plaintiff is entitled to judgment in any amount whatsoever against Defendant. Defendant disputes that Plaintiff is entitled to any recovery and reserves all rights to challenge Plaintiff's claims for damages.

## **Removal is Procedurally Proper**

11. Defendant has not pled, answered, or otherwise appeared in the State Court Action.

12. This Notice is being filed within 30 days of January 31, 2017, the date on which Defendant received the Summons and Complaint, and, therefore, is timely filed under 28 U.S.C. § 1446(b).

13. Venue is proper in this district and division because the Hennepin County District Court is located within the United States District Court for the District of

Minnesota and the Fourth Division, and this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. §§ 103, 1391, 1446.

14. On February 21, 2017, Defendant served a copy of this Notice of Removal upon Plaintiff's counsel of record by depositing said Notice in the U.S. Mail addressed to Plaintiff's counsel of record and providing a copy to its counsel at their email of record.

15. In conjunction with the filing of this Notice of Removal, Defendant has notified the Hennepin County District Court and Plaintiff of the removal of this action. The exceptions to removal under 28 U.S.C. §§ 1332(d) and 1446 do not apply.

16. This notice of removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant Macy's Retail Holdings, Inc. respectfully requests that the above-titled action now pending against it in the Minnesota State District Court, Fourth Judicial District, Hennepin County, Minnesota be removed therefrom to this Court.

Dated: February 21, 2017                                  BERENS & MILLER, P.A.

<div style="margin-left:50%">

s/Barbara Podlucky Berens
Barbara Podlucky Berens (#209788)
Carrie L. Zochert (#291778)
Erin K. Fogarty Lisle (#238168)
3720 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 349-6171
Facsimile: (612) 349-6416
czochert@berensmiller.com
bberens@berensmiller.com
elisle@berensmiller.com

***Attorneys for Macy's Retail Holdings, Inc.***

</div>